UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GLOBAL HEALING CENTER, LP, § § Plaintiff, § § v. § § JOSH POWELL, INDIVIDUALLY AND § D/B/A BUYOXYPOWDER.COM, D/B/A § SECUREBILLINGONE, LLC, AND § D/B/A WORLD HEALTH PRODUCTS, § LLC, and CHRISTOPHER CERVINO, § INDIVIDUALLY AND D/B/A § BUYOXYPOWDER.COM, D/B/A § SECUREBILLINGONE, LLC, AND § D/B/A WORLD HEALTH PRODUCTS, § LLC § § Defendants. § | CIVIL ACTION NO. 4:10-CV-4790 |

## MEMORANDUM AND ORDER

Pending before the Court is a Motion to Dismiss Counterclaim (Doc. No. 16) filed by Plaintiff Global Healing Center LP. After considering the motion, all responses thereto, and the applicable law, the Court finds that the motion must be DENIED.

### I. BACKGROUND

This is a trademark infringement suit brought by Plaintiff Global Healing Center LP ("GHC") against Defendants Josh Powell and Christopher Cervino (collectively, the "Defendants"). On November 30, 2010, GHC filed its Complaint asserting claims for false designation of origin and false descriptions in violation of the Lanham Act; dilution of trademark

1

in violation of the Lanham Act; counterfeiting; copyright infringement; breach of contract; unfair competition; fraud; and cyber piracy. (Compl. ¶¶ 1-2, Doc. No. 1.)

Generally, the Complaint alleges that GHC manufactures dietary supplements and natural health care products, and that it distributes these products over the internet and through authorized distributors and resellers. (*Id.* ¶ 10.) Oxy-Powder, the product at issue in this case, is one such dietary supplement manufactured and sold by GHC. At some point, GHC entered into an agreement with Defendants, which provided that Defendants would sell Oxy-Powder in accordance with certain terms agreed upon by the parties. (*Id.* ¶ 10.) GHC alleges that Defendants violated the terms of this agreement by setting up websites purporting to be official GHC websites, and selling counterfeit Oxy-Powder through those websites. GHC claims that Defendants' actions violate GHC's federally registered trademark, "Oxy-Powder."

On November 30, 2010, the Court issued a temporary restraining order restraining and enjoining Defendants "from selling, promoting, advertising, offering for sale, distributing, or receiving payment for Oxy-Powder." (Doc. No. 3.) On December 16, the Court issued a preliminary injunction. (Doc. No. 10.)

On December 14, 2011, Defendants filed an Answer and Counterclaim (Doc. No. 15), in which they deny the majority of Plaintiffs' allegations, assert eleven affirmative defenses, and assert a Counterclaim for trademark cancellation. In their Counterclaim, Defendants allege that GHC intentionally or knowingly placed false and misleading statements in a continued use affidavit submitted to the United States Patent and Trademark Office (the "PTO"), and that GHC therefore obtained its trademark registration of Oxy-Powder through fraud. (*Id.* ¶¶ 53-61.) On January 3, 2012, GHC moved to dismiss Defendants' Counterclaim under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 16.)

## II. LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, a complaint must contain sufficient factual matter that, if it were accepted as true, would "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim need not give rise to "probability," but need only plead sufficient facts to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A pleading also need not contain detailed factual allegations, but must go beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

While the court must accept well-pleaded facts as true, *Iqbal*, 129 S. Ct. at 1950, it should neither "strain to find inferences favorable to the plaintiffs" nor "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)). A court should not evaluate the merits of the allegation, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

## III. ANALYSIS

"The Lanham Act allows for cancellation of a Principal Register registration by anyone 'who believes that he is or will be damaged . . . by the registration.'" *Cunningham v. Laser Golf. Corp.*, 222 F.3d 943, 945 (Fed. Cir. 2000) (citing 15 U.S.C. § 1064 (West 1996 & Supp. 2000)). The Lanham Act provides two methods by which a party can petition for cancellation of a registered trademark: One is by filing a petition with the PTO. 15 U.S.C. § 1064; *see also Triple-I Corp. v. Hudson Assocs. Consulting, Inc.*, 2009 WL 2162513, at *3 (D. Kan. July 17, 2009). The other is through 15 U.S.C. § 1119, which allows a court to "determine the right to registration [and] order the cancellation of the registrations, in whole or in part . . . ." "The party seeking cancellation must prove two elements: (1) that it has standing; and (2) that there are valid grounds for canceling the registration." *Cunningham*, 222 F.3d at 945. In its motion to dismiss, GHS argues that Defendants' Counterclaim must be dismissed because Defendants fail to allege facts giving rise to standing.

A party may establish its standing to cancel a trademark by showing that it has a "real interest" in the case and a reasonable basis for its belief that it has been or will be damaged. *Ritchie v. Simpson*, 170 F.3d 1092, 1095 (Fed. Cir. 1999). The "'real interest' requirement stems from a policy of preventing 'mere intermeddlers' who do not raise a real controversy from bringing oppositions or cancellation proceedings." *Id.* (citations omitted). Defendants contend that the threat, generated by this lawsuit, that GHC's trademark will be enforced against them, gives them a real interest in the cancellation of GHC's trademark. GHC disputes that such a threat can establish standing. Neither party cites any case law for its position regarding whether the threat of trademark enforcement is sufficient to generate a "real interest" for standing purposes.

4

The Court concludes that trademark litigation against a party does give that party a real interest in the validity of the trademark at issue. Defendants face liability in this Court for alleged violations related to GHC's Oxy-Powder trademark; a finding that that trademark was fraudulently obtained would directly affect Defendants' interests. At least two other district courts to have considered this issue have reached the same conclusion. *See World Market Center Venture, LLC v. Tex. Intern. Prop. Assocs.*, 2009 WL 3303758, at *3 (D. Nev. Oct. 14, 2009) (defendant "is correct that being sued for infringement is sufficient to support standing for a counterclaim for cancellation."); *Triple-I Corp. v. Hudson Assocs. Consulting, Inc.*, 2009 WL 2162513, at *3 (D. Kan. July 17, 2009) (a party's belief that it will be damaged due to the threat of litigation is sufficient to assert a "real interest" for cancellation purposes). Plaintiff has not provided, and this Court has not found, any cases which have reached the opposite conclusion. Thus, the Court concludes that Defendants have standing to assert their Counterclaim for trademark cancellation.

## IV.  CONCLUSION

For the reasons discussed above, the Court concludes that GHC's motion must be **DENIED.**

**IT IS SO ORDERED**.

**SIGNED** this the 8th day of February, 2012.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

5