UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **GLOBAL HEALING CENTER, LP,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:10-CV-4790** |
| | § | |
| **JOSH POWELL, INDIVIDUALLY AND** | § | |
| **D/B/A BUYOXYPOWDER.COM, D/B/A** | § | |
| **SECUREBILLINGONE, LLC, AND** | § | |
| **D/B/A WORLD HEALTH PRODUCTS,** | § | |
| **LLC, and CHRISTOPHER CERVINO,** | § | |
| **INDIVIDUALLY AND D/B/A** | § | |
| **BUYOXYPOWDER.COM, D/B/A** | § | |
| **SECUREBILLINGONE, LLC, AND** | § | |
| **D/B/A WORLD HEALTH PRODUCTS,** | § | |
| **LLC,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Dismiss Defendants' Counterclaim (Doc. No. 20). After considering the motion, all responses thereto, and the applicable law, the Court finds that the motion must be granted.

**I.      BACKGROUND**

This is a trademark infringement suit brought by Plaintiff Global Healing Center LP ("GHC") against Defendants Josh Powell and Christopher Cervino (collectively, the "Defendants"). On November 30, 2010, GHC filed a Complaint asserting claims for false designation of origin and false descriptions in violation of the Lanham Act, dilution of

trademark in violation of the Lanham Act, counterfeiting, copyright infringement, breach of contract, unfair competition, fraud, and cyber piracy. (Compl. ¶¶ 1-2, Doc. No. 1.)

Generally, the Complaint alleges that GHC manufactures dietary supplements and natural health care products, and that it distributes these products over the internet and through authorized distributors and resellers. (*Id.* ¶ 10.) Oxy-Powder, the product at issue in this case, is one such dietary supplement manufactured and sold by GHC. At some point, GHC entered into an agreement with Defendants, which provided that Defendants would sell Oxy-Powder in accordance with certain terms agreed upon by the parties. (*Id.* ¶ 10.) GHC alleges that Defendants violated the terms of this agreement by setting up websites purporting to be official GHC websites, and selling counterfeit Oxy-Powder through those websites. (*Id.* ¶¶ 11-13.) GHC claims that Defendants' actions violate GHC's federally registered trademark, "Oxy-Powder."

On November 30, 2010, the Court issued a temporary restraining order restraining and enjoining Defendants "from selling, promoting, advertising, offering for sale, distributing, or receiving payment for Oxy-Powder." (Doc. No. 3.) On December 16, the Court issued a preliminary injunction. (Doc. No. 10.)

On December 14, 2011, Defendants filed an Answer and Counterclaim (Doc. No. 15), in which they deny the majority of Plaintiffs' allegations, assert eleven affirmative defenses, and assert a Counterclaim for trademark cancellation. In their Counterclaim, Defendants allege that GHC intentionally placed false and misleading statements in a continued use affidavit submitted to the United States Patent and Trademark Office (the "PTO"), and that GHC therefore obtained its trademark registration of Oxy-Powder through fraud. (*Id.* ¶¶ 53-61.) On January 3, 2012, GHC moved to dismiss Defendants'

2

Counterclaim under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 16.) GHC's motion asserted that Defendants do not have a real interest in the validity of the trademark at issue and therefore lack standing to seek cancellation of the trademark. The Court disagreed, and concluded that, because Defendants face liability in this suit for alleged infringement related to GHC's Oxy-Powder trademark, a finding that that trademark was fraudulently obtained would affect their interests. (Doc. No. 19 at 5.)

One week after the Court denied Plaintiff's motion, Plaintiff filed the instant 12(b)(6) motion, which urges that Defendants' Counterclaim fails to meet the heightened pleading standards for fraud claims required by Federal Rule of Civil Procedure 9(b), and that it must therefore be dismissed for failure to state a claim upon which relief can be granted.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), a defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.*, 2006 WL 2870972, at *2 (5th Cir. Oct. 9, 2006) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1203 (3d ed. 2004)).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief

3

above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Ultimately, the question for a court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1950. The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

4

Allegations of fraud must meet the stricter standards of Federal Rule of Civil Procedure 9(b), which provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) (internal quotation marks omitted)). The Fifth Circuit has explained that "Rule 9(b) requires 'the who, what, when, where, and how' [of the alleged fraud] to be laid out." *Id.* (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)). A claim that a fraud allegation is insufficiently particular under Rule 9(b) is properly raised by a Rule 12(b)(6) motion for dismissal for failure to state a claim. *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 n. 8 (5th Cir. 2009); *Carter v. Nationwide Property and Cas. Ins. Co.*, 2011 WL 2193385, at *1 (S.D. Tex. June 6, 2011).

Rule 9(b)'s particularity requirement is "supplemental to the Supreme Court's recent interpretation of Rule 8(a) requiring enough facts [taken as true] to state a claim to relief that is plausible on its face." *Id.* at 185 (quotations and footnote omitted). Thus, Rule 9(b) "requires only simple, concise, and direct allegations of the circumstances constituting fraud, which after *Twombly* must make relief plausible, not merely conceivable, when taken as true." *Id.* at 186 (internal quotations omitted).

## III. ANALYSIS

In responding to the Motion to Dismiss, Defendants argue that Plaintiff is in default for failure to serve a responsive pleading within fourteen days of the Court's denial of Plaintiff's prior motion to dismiss, and that the Court therefore should not consider this second motion to dismiss. Plaintiff seeks dismissal of Defendant's fraud Counterclaim for failure to state a claim upon which relief can be granted.

### A. Procedural Issue

Before considering the merits of Plaintiff's motion to dismiss, the Court must address Defendant's preliminary argument that the motion is procedurally barred as a successive motion to dismiss. Although Defendant's argument is vague, the Court understands Defendant's position to be that the instant motion fails to comply with Rules 12(g) and 12(h)(2) of the Federal Rules of Civil Procedure, which govern successive motions to dismiss. Rule 12(g) curbs such motions, stating that "a party that makes a motion under [Rule 12] must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g). Rule 12(h)(2) exempts from Rule 12(g) the defense of failure to state a claim upon which relief can be granted, which may be raised "(A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial." Fed. R. Civ. P. 12(h)(2). A motion to dismiss is not a "pleading" within the meaning of Fed. R. Civ. P. 7(a). Thus, while the defense of failure to state a claim is never waived, if it is to be raised a second time, it technically must be raised in an answer, a motion for judgment on the pleadings under Rule 12(c), or at trial. In filing a successive motion to dismiss, Plaintiff has failed to comply with the technical requirements of Rule 12(h)(2).

Recognizing that the defense of failure to state a claim is never waived and therefore will require adjudication at some point, many courts have applied these rules more permissively to allow the defense to be asserted in a successive motion to dismiss. *See Tatum v. R.J. Reynolds Tobacco Co.*, 102CV00373, 2007 WL 1612580, at *6 (M.D.N.C. May 31, 2007) (emphasizing that all issues raised in the successive motion had been fully briefed, and that consideration of those issues early in the litigation would expedite the resolution of the case); *Stoffels ex rel., SBC Concession Plan v. SBC Communications, Inc.*, 430 F. Supp. 2d 642, 648 (W.D. Tex. 2006) (allowing successive 12(b)(6) motion where there was no evidence that the movant intended delay); *In re Westinghouse Sec. Litig.*, CIV. A. 91-354, 1998 WL 119554, at *6 (W.D. Pa. Mar. 12, 1998) (finding "no reason to put the defendant to the time and expense of filing an answer, or both defendant and plaintiff to the time and expense of addressing an issue to be raised later in a motion for judgment on the pleadings, when that issue can easily be resolved now."); *Mylan Laboratories, Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1059 (D. Md. 1991) (noting that a complaint can always be challenged for legal sufficiency, and finding it more efficient to treat such arguments prior to extensive discovery). Ultimately, "[s]ince the basic purpose of Rule 12(h)(2) probably is to preserve the defenses, rather than to delimit the precise timing of their assertion, this [more permissive] approach seems sound and within the spirit, if not the letter, of the provision." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1392 (3d ed. 2004).

The Court finds that the spirit of Rule 12 would be furthered by considering Plaintiff's second motion to dismiss. The issues raised in the motion have been fully briefed, and there is no indication that Plaintiff has filed the motion to delay this case.

Indeed, swift resolution of Plaintiff's failure to state a claim defense ultimately will conserve resources, both of the Court and of the parties. The Court therefore proceeds to consider Plaintiff's motion to dismiss.

### B. Fraud Counterclaim

Section 33(b)(1) of the Lanham Act provides a defense against a registered mark when a "registration . . . was obtained fraudulently." 15 U.S.C. § 1115(b)(1). "Generally, in order to prevail on a claim of fraud in the procurement of a registration, a proponent must plead and prove: '(1) a false representation regarding a material fact; (2) knowledge or belief that the representation is false ('scienter'); (3) an intention to induce the listener to act or refrain from acting in reliance on the misrepresentation; (4) reasonable reliance on the misrepresentation; (5) damage proximately resulting from such reliance.'" *King-Size, Inc. v. Frank's King Size Clothes, Inc.*, 547 F. Supp. 1138, 1166 (S.D. Tex. 1982) (quoting *Robert B. Vance & Assocs., Inc. v. Baronet Corp.*, 487 F. Supp. 790, 797 (N.D. Ga. 1979)). The Fifth Circuit has emphasized that, "[i]n order to show that an applicant defrauded the PTO the party seeking to invalidate a mark must show that the applicant intended to mislead the PTO." *Meineke Discount Muffler v. Jaynes*, 999 F.2d 120, 126 (5th Cir. 1993). "[A]bsent the requisite intent to mislead the PTO, even a material misrepresentation would not qualify as fraud under the Lanham Act warranting cancellation." *In re Bose Corp.*, 580 F.3d 1240, 1243 (Fed. Cir. 2009) (citing *King Auto., Inc. v. Speedy Muffler King, Inc.*, 667 F.2d 1008, 1011 n. 4 (CCPA 1981)).

### 1. False Representation of Material Fact

Defendants allege that Plaintiff falsely represented a material fact to the PTO by stating, in a continued use application, that Oxy-Powder was being sold as an immune

stimulant. (Doc. No. 15 ¶¶ 53-54.) In an effort to demonstrate the falsity of this representation, Defendants point to the labeling on Plaintiff's product, which Defendants allege does not advertise that it is an immune stimulant. (*Id.* ¶ 56; 60.) Aside from asserting, on information and belief, that the Oxy-Powder label "does not advertise that it is an immune stimulant,"[1] Defendants offer no allegations in support of their claim that Oxy-Powder is not being sold as an immune stimulant.

Defendants' conclusory allegation regarding the Oxy-Power label provides an insufficient factual basis on which to state a fraud claim. Even accepting as true Defendants' allegation that the Oxy-Powder label fails to indicate that the product is an "immune stimulant," this allegation does not address whether Oxy-Powder is or is not *sold in commerce* as an immune stimulant. That is, Defendants draw no connection between the product's labeling and how it is sold. Without more, the absence of "immune stimulant" on the Oxy-Powder label, even if proven, does not demonstrate a misrepresentation (much less a material misrepresentation).

Defendants appear to raise a second allegation regarding false representation. Defendants assert that Plaintiff has advertised on its website that Germanium-132, an ingredient contained in Oxy-Powder, has pharmaceutical properties that have not been evaluated by the FDA. (Doc. No. 15 ¶ 58.) Defendants attach an exhibit from an FDA evaluation in an apparent attempt to show that Germanium-132 has, in fact, been evaluated by the FDA. (Doc. No. 15-A.) The questionable relevance of this particular exhibit notwithstanding, Defendants fail to allege that Plaintiff made any statement regarding the FDA's evaluation on Plaintiff's trademark application. Thus, the facts

---

[1] Defendants cite to "Exhibit C" in their discussion of the product label, but there is no such exhibit attached to Defendants' Answer. (Doc. No. 15 ¶ 56.)

alleged could, at most, support a claim that Plaintiff has misleading information on its website; there is no allegation that Plaintiff misrepresented facts regarding FDA evaluation in its trademark application.

Although Defendants' failure to allege a material misrepresentation warrants dismissal of the Counterclaim, the Court briefly considers Defendants' failure to plead knowledge of falsity and intent to mislead the PTO.

### 2.   Knowledge of Belief that the Representation was False

As explained by the Federal Circuit, a misrepresentation made as part of a "conscious effort to obtain for his business a registration to which he knew it was not entitled" is fraud. *In re Bose Corp.*, 580 F.3d 1240, 1246 (Fed. Cir. 2009). An applicant commits fraud only if his or her material misrepresentation is made knowingly. *Id.* at 1243. Defendants claim that GHC "intentionally filed a continuous use affidavit knowing that it was not selling the Oxy-Powder product as an immune stimulant." (Doc. No. 15 ¶ 60.) While this pleading recites the necessary element—knowledge that Oxy-Powder was not being sold as an immune stimulant—it alleges no facts in support of the contention that Plaintiff actually knew that Oxy-Powder was not being sold as an immune stimulant at the time the application was filed. Perhaps Defendants infer that Plaintiff must have known about its failure to label Oxy-Powder as an "immune stimulant," and therefore must have known that the product was not being sold as an immune stimulant. However, as discussed above, Defendants fail to allege how the absence of such a label indicates the manner in which the product was sold; because no such connection is made, even Plaintiff's knowledge about its own labeling is insufficient to show knowledge that Oxy-Powder was not being sold as an immune stimulant.

10

### 3.  Intent to Mislead the PTO

Defendants' pleading does not include even a conclusory recitation of this element. The failure to plead this element confirms that Defendants fail to state a claim for fraud.

### C.  Affirmative Defense

After urging that their fraud Counterclaim is adequately plead under Rule 12(b)(6), Defendants then change course and contend that their Counterclaim is actually an affirmative defense mistakenly designated as a Counterclaim. Defendants complain that Plaintiff "is attempting to circumvent [Defendants'] affirmative defense by filing multiple motions to dismiss." (Doc. No. 21 at 7.) Pursuant to Rule 8(c), a party who mistakenly designates a defense as a Counterclaim is entitled to have the Court "treat the pleading as though it were correctly designated." Fed. R. Civ. P. 8(c). However, it is apparent from the face of Defendants' Counterclaim that the designation of fraud as a Counterclaim, rather than an affirmative defense, was not a mistake. Defendants' Counterclaim requests affirmative relief and seeks damages,[2] two traits which clearly qualify it as a Counterclaim. Thus, the Court rejects Defendants' contention that the Counterclaim was mistakenly designated.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to dismiss Defendants' fraud Counterclaim must be **GRANTED**. Defendants' Counterclaim is dismissed. However, in

---

[2] Defendants request for affirmative relief states that "Plaintiffs have secured the trademark registration of Oxy-Powder Fraudulently [sic] and plaintiff request [sic] its cancellation;" and "Plaintiff Requests [sic] attorney fees for the damages caused by the false registration." (Doc. No. 15 ¶¶ 60-61.)

light of Defendants' argument that they intended to plead fraud as an affirmative defense, and because justice would be served by allowing this affirmative defense, Defendants are granted leave to amend their pleadings and include an affirmative defense of fraud on the PTO. Defendants' amended Answer must be submitted by May 22, 2012.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 15th day of May, 2012.

THE HONORABLE KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE